PRYOR v SLOAN VALVE COMPANY

Docket No. 126131. Submitted March 12, 1992, at Detroit. Decided
July 6, 1992, at 9:00 A.M.

William E. Pryor and William H. Frye brought an action in the
Oakland Circuit Court against Sloan Valve Company and its
wholly owned subsidiary, Water Control International, Inc.,
claiming age discrimination in violation of the Civil Rights Act,
MCL 37.2101 et seq.; MSA 3.548(101) et seq., and tortious
interference with economic advantage. The basis of the action
was the defendants' cancellation of sales representative agree-
ments with J. R. Thomas & Associates, Inc., Frye's employer,
and Pryor Mechanical Sales, Inc., Pryor's employer. Frye was a
fifty-percent shareholder of J. R. Thomas and Pryor was a fifty-
percent shareholder of Pryor Mechanical. The court, Robert L.
Templin, J., granted summary disposition for the defendants.
The plaintiffs appealed. William Frye died after the appeal was
filed, and the personal representative of his estate, Grace Frye,
was substituted.

The Court of Appeals held:

The court properly granted summary disposition with regard
to both issues raised by the plaintiffs.

It would be illogical to find that the defendants substantially
interfered with the plaintiffs' employment relationship with
their respective employers given the type of business relation-
ship they had and the fact that the conditions of the plaintiffs'
employment remained the same after the defendants termi-
nated the contracts with the employers.

Affirmed.

Torts — Interference with Business Relationship or Economic
Advantage.

The elements that establish a cause of action for tortious interfer-
ence with economic advantage or business relations are a valid
business relationship or expectancy, knowledge of the relation-

References

Am Jur 2d, Torts §§ 23-25, 34.
See the Index to Annotations under Interference and Obstruction;
Torts.

ship or expectancy on the part of the interferer, an intentional interference inducing or causing a breach or termination of a relationship or expectancy, and damages.

*Kelman, Loria, Downing, Schneider & Simpson* (by *Cary S. McGehee* and *Michael L. Pitt*), for the plaintiffs.

*Dickinson, Wright, Moon, Van Dusen & Freeman* (by *Charles F. Clippert* and *Elizabeth M. Pezzetti*), for the defendants.

Before: MACKENZIE, P.J., and WAHLS and BRENNAN, JJ.

BRENNAN, J. Plaintiffs appeal as of right from a February 2, 1990, order granting summary disposition to defendants pursuant to MCR 2.116 (C)(8) and dismissing plaintiffs' age discrimination claim brought under the Civil Rights Act, MCL 37.2101 *et seq.*; MSA 3.548(101) *et seq.*, as well as their claim of tortious interference with economic advantage. We affirm.

William Frye was an employee and fifty-percent shareholder of J. R. Thomas & Associates, Inc. William Pryor was an employee and fifty-percent shareholder of Pryor Mechanical Sales, Inc. J. R. Thomas and Pryor Mechanical entered into sales representative agreements with Sloan Valve Company and later with Water Control International, Inc., Sloan's wholly owned subsidiary. Pursuant to the agreements, J. R. Thomas and Pryor Mechanical were independent contractors for defendants. Sixty percent of the revenue Frye generated for J. R. Thomas and ninety percent of the revenue Pryor generated for Pryor Mechanical was allegedly derived from the sale of defendants' products. In 1989, Sloan and Water Control canceled their sales representative agreements with J. R. Thomas

and Pryor Mechanical. At that time, Frye was sixty-six years old and Pryor was sixty-five years old. Pryor asked a representative of Sloan Valve if the cancellation of the sales representative agreements could be reconsidered. The representative indicated: "Forget it—this is a done deal. Besides you're sixty-five years of age and it's time for you to retire."

Plaintiffs subsequently filed this suit, claiming age discrimination in violation of the Civil Rights Act and tortious interference with economic advantage. Defendants filed a motion for summary disposition, claiming that the business relationship between plaintiffs and defendants was not a relationship protected by the act. The trial court granted defendants' motion for summary disposition. The court indicated that to determine whether plaintiffs were employees, it was required to look at the employer's right to control the employee. Because plaintiffs had not alleged that they performed their duties under the supervision of defendants or that defendants had the right to control plaintiffs, the court found that summary disposition was appropriate. The court also granted summary disposition with regard to plaintiffs' claim of tortious interference with business relations. The court indicated that because there was no wrongful act per se, plaintiffs could not recover.

Plaintiffs first argue that the court erred in granting summary disposition to defendants with regard to plaintiffs' Civil Rights Act claim. A motion for summary disposition brought pursuant to MCR 2.116(C)(8) should be granted only if the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right of recovery. *Scameheorn v Bucks,* 167 Mich App 302, 306; 421 NW2d 918 (1988).

The Civil Rights Act provides, in part:

> (1) An employer shall not do any of the following:
> (a) Fail or refuse to hire or recruit, discharge, or otherwise discriminate against an individual with respect to employment, compensation, or a term, condition, or privilege of employment, because of religion, race, color, national origin, age, sex, height, weight, or marital status. [MCL 37.2202(1)(a); MSA 3.548(202)(1)(a).]

Plaintiffs concede that they do not have an employment relationship with defendants. Plaintiffs argue that a direct employer-employee relationship is not required because the act may be interpreted broadly to include indirect employment relationships. Plaintiffs are not contending that they are entitled to recover on the basis of being independent contractors. Instead, plaintiffs assert that defendants can be held liable under the act for interfering with their employment opportunities with their respective employers. Among other cases, plaintiffs cite *Gomez v Alexian Bros Hosp of San Jose,* 698 F2d 1019 (CA 9, 1983), and *Sibley Memorial Hosp v Wilson,* 160 US App DC 14; 488 F2d 1338 (1973). However, even if we were to determine that the act protects such indirect relationships and protects against such interference, we find that plaintiffs would be unable to recover. Plaintiffs were at least fifty-percent shareholders and officers of the corporations that employed them. It would be illogical to find that defendants substantially interfered with plaintiffs' employment relationship with their respective employers given the type of business relationship plaintiffs had with their employers. Moreover, the conditions of plaintiffs' employment remained the same after defendants terminated the contracts

with plaintiffs' employers. *Gomez, supra.* Accordingly, we find that the trial court did not err in granting summary disposition with regard to this issue.

Plaintiffs also argue that the court erred in dismissing their claim of tortious interference with economic advantage. Plaintiffs alleged that defendants interfered with plaintiffs' business relationships with their respective employers by canceling defendants' sales representative agreements with J. R. Thomas and Pryor Mechanical. In order to establish a cause of action for tortious interference with economic advantage or business relations, the following must be proven: (1) a valid business relationship or expectancy, (2) knowledge of the relationship or expectancy on the part of the interferer, (3) an intentional interference inducing or causing a breach or termination of a relationship or expectancy, and (4) damages. *Feaheny v Caldwell*, 175 Mich App 291, 301; 437 NW2d 358 (1989). We believe that the relationship between plaintiffs and their employers was not the type of relationship intended to be protected by the tort of interference with economic advantage. It would be ludicrous to suggest that defendants somehow induced the owners of Pryor Mechanical and J. R. Thomas to breach business relationships with plaintiffs where plaintiffs were officers of their respective corporations and owned fifty percent of the stock. Accordingly, we find that plaintiffs failed to state a claim upon which relief could be granted, and that the trial court properly granted defendants summary disposition with regard to this issue, albeit for the wrong reason. *Portice v Otsego Co Sheriff's Dep't*, 169 Mich App 563, 566; 426 NW2d 706 (1988).

Affirmed.