SNYDER v GENERAL SAFETY CORPORATION (ON REMAND)

Docket No. 145600. Submitted January 14, 1993, at Lansing. Decided June 22, 1993, at 9:35 A.M. Leave to appeal sought.

Beatrice Snyder sought workers' compensation benefits for a disabling injury she sustained while working for General Safety Corporation. Because General Safety and its insurer, Royal Insurance, failed to provide all medical records of the plaintiff that were in their possession at the time they filed their response to the plaintiff's claim, a magistrate in the Bureau of Workers' Disability Compensation, acting pursuant to MCL 418.222; MSA 17.237(222), would not allow them to present proofs regarding the existence and cause of the claimed disability. The magistrate awarded benefits, and the Workers' Compensation Appellate Commission affirmed. The Court of Appeals denied the defendants leave to appeal. The Supreme Court, in lieu of granting leave, remanded the case to the Court of Appeals for consideration as on leave granted. 439 Mich 859 (1991).

On remand, the Court of Appeals *held*:

MCL 418.222(2); MSA 17.237(222)(2) requires parties to a workers' compensation mediation or hearing to disclose and provide all medical records relevant to the claim that are in their possession at the time of the filing of the claim or response. MCL 418.222(6); MSA 17.237(222)(6) provides that the wilful failure of a party to comply with § 222 prohibits that party from proceeding under the workers' compensation act.

In this case, the magistrate's finding of wilful failure by the defendants to comply with § 222(2) was supported by competent, material, and substantial evidence. The magistrate's disallowance of proofs by the defendants was consistent with the mandatory sanction of § 222(6).

Affirmed.

WORKERS' COMPENSATION — MEDICAL RECORDS — MANDATORY DISCLOSURE.

Parties to a workers' compensation mediation or hearing must

REFERENCES
Am Jur 2d, Workers' Compensation, §§ 495, 561, 564, 604, 605.
See ALR Index under Workers' Compensation.

disclose and provide all medical records relevant to the disability claim that are in their possession when they file a claim or response; a party that wilfully fails to comply with such requirement is barred from proceeding under the Workers' Disability Compensation Act (MCL 418.222[2],[6]; MSA 17.237[222] [2],[6]).

*Levine, Benjamin, Tushman, Bratt, Jerris & Stein, P.C.* (by *Barrie R. Bratt* and *Charles P. Burbach*), for the plaintiff.

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *Allen J. Wall* and *Alan B. Koenig*), for the defendants.

ON REMAND

Before: CONNOR, P.J., and HOLBROOK, JR., and MCDONALD, JJ.

PER CURIAM. Defendants appeal from a July 11, 1990, opinion and order of the Workers' Compensation Appellate Commission, which affirmed a magistrate's award of disability compensation benefits to plaintiff. Although we previously denied defendants' application for leave to appeal, the Supreme Court remanded the case to us for consideration as on leave granted. 439 Mich 859 (1991). We now affirm.

This case involves the application of § 222 of the Workers' Disability Compensation Act, MCL 418.222; MSA 17.237(222), which in subsection 2 requires parties to a workers' compensation mediation or hearing to disclose and provide, among other things, all medical records relevant to the claim that are in their possession at the time of the filing of the claim or response. Specifically, this matter involves the application of subsection 6 of

§ 222, which provides that "the wilful failure of a party to comply with this section shall prohibit that party from proceeding under this act." The magistrate and appellate commission enforced subsection 6 and barred defendants from presenting proofs regarding the existence and cause of plaintiff's claimed disability, because defendants failed to furnish plaintiff with the medical report of a physician who treated plaintiff at defendants' request and upon which defendants allegedly relied in terminating plaintiff's disability benefits.

On appeal, defendants first contend barring their presentation of a defense was too severe a penalty for violation of § 222. Defendants liken the penalty to a default, which in civil practice may be employed only when less drastic sanctions are unsuccessful or when a defendant's failure is not only wilful but also flagrant and wanton. We do not find the remedy under § 222(6) equivalent to a default. A claimant must still prove the claim by a preponderance of the evidence, *Aquilina v General Motors Corp,* 403 Mich 206; 267 NW2d 923 (1978), as did the plaintiff in this case. Moreover, unlike civil practice, which vests trial courts with discretion to impose a variety of less drastic sanctions, the Legislature has allowed only one sanction: "the wilful failure of a party to comply with this section *shall* prohibit that party from proceeding under this act" (emphasis added). Courts are required to enforce unambiguous statutes as written, and use of the word "shall" indicates mandatory rather than discretionary action. *City of Lake Angelus v Oakland Co Rd Comm,* 194 Mich App 220; 486 NW2d 64 (1992).

Defendants next claim error in the determination that they "wilfully" failed to furnish the medical reports. Defendants argue they could have reasonably assumed the plaintiff was already in possession of the reports and records of her treat-

ing physician and thus their failure to produce them was not wilful. We disagree. The commission concluded the magistrate's finding of wilful noncompliance was supported by competent, material, and substantial evidence on the record as required by MCL 418.861a(3); MSA 17.237(861a)(3). We do not independently reweigh the evidence on appeal. It is clear "the WCAC acted in a manner consistent with the concept of administrative review that is less than de novo review in finding the magistrate's decision was" supported as required. *Holden v Ford Motor Co,* 439 Mich 257, 267; 484 NW2d 227 (1992). Defendants were put on notice of their obligation to furnish plaintiff the medical records not only by § 222(2) but also by plaintiff's written demand for medical records, which was served with the claim. We find no error.

We also find no merit to defendants' intimation that reference in § 222(2) to medical records of the "carrier or employer" relates to anything other than the medical records of the claimant. This intent is clear from a full reading of the text. Likewise, we find no merit to defendants' suggestion that their proofs were barred because they failed to provide payroll records. Although the magistrate may have been justifiably angered by defendants' failure to provide full payroll records, that failure merely provided the occasion upon which to reevaluate defendants' failure to provide the reports.

Lastly, we reject defendants' claim that plaintiff's failure to raise her objection to the absence of the reports until trial and failure to request or subpoena the records on her own waived her right to object to their absence. As aptly noted by the appellate commission, the statute does not impose either obligation on plaintiff. Defendants failed to

demonstrate a violation by plaintiff of any of her obligations under the statute.

Affirmed.