TRANSAMERICA INSURANCE GROUP v MICHIGAN
CATASTROPHIC CLAIMS ASSOCIATION

Docket No. 152028. Submitted August 3, 1993, at Detroit. Decided
November 16, 1993, at 9:00 A.M.

Transamerica Insurance Group and State Farm Mutual Automobile Insurance Company brought an action in the Wayne Circuit Court against the Michigan Catastrophic Claims Association, seeking indemnification for those portions of personal protection insurance benefits each plaintiff paid in excess of $125,000 to one person for injuries incurred in a single automobile accident where the cumulative amount paid to the insured exceeded $250,000. The court, Michael J. Talbot, J., granted summary disposition for the defendant, ruling that the plaintiffs could not aggregate their losses in order to satisfy the $250,000 indemnification threshold of MCL 500.3104(2); MSA 24.13104(2). The plaintiffs appealed.

The Court of Appeals *held:*

Indemnification by the Michigan Catastrophic Claims Association is available under MCL 500.3104(2); MSA 24.13104(2) to a member insurer for personal protection insurance benefits paid or payable by the insurer in excess of $250,000 for any one loss occurrence. Accordingly, the plaintiffs in this case may seek indemnification only after each has paid, or has become obligated to pay, more than $250,000 in personal protection benefits.

Affirmed.

I**NSURANCE** — N**O**-F**AULT** — P**ERSONAL** P**ROTECTION** I**NSURANCE** —
C**ATASTROPHIC** C**LAIMS**.

Personal protection insurance benefits paid by more than one no-fault insurer to one person in connection with one automobile accident may not be aggregated for purposes of satisfying the $250,000 threshold for indemnification of no-fault insurers by the Michigan Catastrophic Claims Association; each insurer must pay or become obligated to pay more than $250,000 in

R**EFERENCES**

Am Jur 2d, Automobile Insurance §§ 340-368.
See ALR Index under No-Fault Insurance.

personal protection benefits in connection with the accident before it may seek indemnification for benefits paid in excess of $250,000 (MCL 500.3104[2]; MSA 24.13104[2]).

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *James L. Borin* and *Daniel S. Saylor*), for the plaintiffs.

*Dykema Gossett* (by *Donald S. Young* and *Ronald J. Torbert*), for the defendant.

Before: BRENNAN, P.J., and CORRIGAN and R. C. ANDERSON,* JJ.

PER CURIAM. Plaintiffs appeal as of right from an order granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(8). We affirm.

The facts in this case are not in controversy. On December 6, 1985, fourteen-year-old Kendra Gross sustained serious bodily injuries in an automobile accident. At the time of the accident, Gross lived with her mother, stepfather, and stepbrother, was covered under her stepfather's no-fault policy with Transamerica Insurance Group and her stepbrother's no-fault policy with State Farm Mutual Automobile Insurance Company. Consequently, plaintiffs shared equally the liability for Gross' benefits and related expenses as required by MCL 500.3114; MSA 24.13114. When plaintiffs' cumulative losses exceeded $250,000, plaintiffs, as members of the Michigan Catastrophic Claims Association, requested reimbursement from defendant for their individual losses in excess of $125,000. Defendant, however, denied plaintiffs' request because the insurers had not independently reached the $250,000 indemnification threshold. Plaintiffs subsequently commenced suit for recoupment, assert-

* Circuit judge, sitting on the Court of Appeals by assignment.

ing that defendant's denial to indemnify in this case violated MCL 500.3104(2); MSA 24.13104(2). The circuit court disagreed and granted summary disposition in favor of defendant pursuant to MCR 2.116(C)(8).

A motion for summary disposition pursuant to MCR 2.116(C)(8) tests the sufficiency of a claim by the pleadings alone. *Marcelletti v Bathani,* 198 Mich App 655, 658; 500 NW2d 124 (1993); *Michigan Ins Repair Co, Inc v Manufacturers Nat'l Bank of Detroit,* 194 Mich App 668, 673; 487 NW2d 517 (1992). All factual allegations in support of the claim are accepted as true, as well as any reasonable inferences or conclusions that can be drawn from the facts. *Marcelletti, supra* at 658. The motion should be granted only when the claim is so unenforceable as a matter of law that no factual development could justify a right to relief. *Azzar v Primebank, FSB,* 198 Mich App 512, 516; 499 NW2d 793 (1993); *Pryor v Sloan Valve Co,* 194 Mich App 556, 558; 487 NW2d 846 (1992).

Plaintiffs' sole claim on appeal is that the circuit court erred in determining as a matter of law that the $250,000 reimbursement threshold set forth in MCL 500.3104(2); MSA 24.13104(2) applies to each individual member insurer paying benefits on a single loss occurrence rather than to the entire amount paid on that loss occurrence. Plaintiffs contend that the threshold contained within MCL 500.3104(2); MSA 24.13104(2) requires defendant to commence reimbursement once $250,000 in benefits have been paid, regardless of the number of insurers sharing in the payment of such benefits. We disagree.

Clear and unambiguous statutes should be enforced as written. *Lorencz v Ford Motor Co,* 439 Mich 370, 376; 483 NW2d 844 (1992); *In re Certified Question,* 433 Mich 710, 721; 449 NW2d 660

(1989); *Snyder v General Safety Corp (On Remand)*, 200 Mich App 332, 334; 504 NW2d 31 (1993). The Legislature is presumed to have intended the meaning plainly expressed. *Frasier v Model Coverall Service, Inc*, 182 Mich App 741, 744; 453 NW2d 301 (1990). Where the Legislature has used certain and unambiguous language in a statute, its plain meaning must be followed. *Goodwill Chapel v General Motors Corp*, 200 Mich App 84, 89; 503 NW2d 705 (1993); *McLean v Wolverine Moving & Storage Co*, 187 Mich App 393, 396; 468 NW2d 230 (1990).

MCL 500.3104(2); MSA 24.13104(2) specifically states:

> The association shall provide and each member shall accept indemnification for 100% of the amount of ultimate loss sustained under personal protection insurance coverages in excess of $250,000.00 in each loss occurrence. As used in this section, "ultimate loss" means the actual loss amounts which a member is obligated to pay and which are paid or payable by the member, and shall not include claim expenses. An ultimate loss is incurred by the association on the date which the loss occurs.

On the basis of our review, we find that the language contained in MCL 500.3104(2); MSA 24.13104(2) is clear and unambiguous. Consequently, judicial interpretation is unnecessary and precluded. *Lorencz, supra* at 376. Section 3104(2) specifically establishes that "each member" of the Michigan Catastrophic Claims Association will receive indemnification only for the amount of "ultimate loss" the member sustains in excess of $250,000. Section 3104(2) defines ultimate loss as the actual amount of loss that a member is obligated to pay and that is paid or payable by a member.

By its plain language, therefore, the statute provides for indemnification of member insurers only after an individual insurer has sustained a loss in excess of $250,000 for a single loss occurrence. Accordingly, we conclude that the court did not err in granting summary disposition.

Affirmed.