McCOMBER v McGUIRE STEEL ERECTION, INC

Docket No. 232776. Submitted April 2, 2002, at Detroit. Decided May 31, 2002, at 9:05 A.M. Leave to appeal sought.

Frankie McComber filed with the Bureau of Worker's Disability Compensation an application for mediation or hearing regarding his claim for worker's compensation benefits against McGuire Steel Erection, Inc., and the Construction Association of Michigan. The application, which was signed by McComber and prepared by an attorney he hired, failed to indicate that McComber had briefly worked for another employer after McGuire laid him off from the job at which the alleged disabling injury was sustained. A worker's compensation magistrate granted an open award of benefits, rejecting the contention of McGuire and the association that McComber had wilfully failed to comply with the requirement of subsection 222(3) of the worker's compensation act, MCL 418.222(3), which requires that an application for mediation or hearing contain factual information concerning whether the claimant had other employment after the date of the claimed injury, and that McComber should therefore be prohibited under subsection 222(6) of the worker's compensation act, MCL 418.222(6), from proceeding under the act. The Worker's Compensation Appellate Commission (WCAC) reversed, ruling that McComber's act of knowingly signing a document he knew lacked the requisite information constituted a wilful failure to comply with subsection 222(3), and that subsection 222(6) bars McComber from proceeding under the act. McComber appealed by leave granted.

The Court of Appeals *held*:

Noncompliance with the requirements of subsection 222(3) is wilful and bars a party from proceeding under the worker's compensation act where the noncompliance is conscious, intentional, or deliberate. Mere mistake, carelessness, or inadvertence is insufficient. In this case, there is no evidence to support a finding that the noncompliance was anything other than a mistake.

Reversed and remanded to the WCAC.

WORKER'S COMPENSATION — APPLICATIONS FOR MEDIATION OR HEARING — REQUIRED INFORMATION — WILFUL NONDISCLOSURE.

An employee's wilful noncompliance with the requirement that an application for mediation or hearing regarding a claim for worker's compensation benefits contain certain factual information bars the

employee from proceeding under the worker's compensation act; noncompliance is wilful where it is conscious, intentional, or deliberate, mere mistake, carelessness, or inadvertence is insufficient (MCL 418.222[3], [6]).

*Richard L. Warsh (Sachs Waldman,* by *Granner S. Ries,* of Counsel), for the plaintiff.

*Robert W. Macy,* for the defendants.

Before: ZAHRA, P.J., and NEFF and SAAD, JJ.

PER CURIAM. Plaintiff appeals, by leave granted, an order of the Worker's Compensation Appellate Commission (WCAC) that reversed a magistrate's award of benefits. We reverse and remand.

## I. INTRODUCTION

In this appeal, we are asked to review the WCAC's application of MCL 418.222, which requires, among other things, that an application for hearing or mediation contain information regarding any employment the claimant had after the date of the claimed injury. In the instant case, the WCAC concluded that plaintiff was prohibited from proceeding under the worker's compensation act because it found that plaintiff wilfully failed to comply with the requirements of MCL 418.222. This case presents our first opportunity to analyze § 222 in the context of a plaintiff's alleged wilful noncompliance.[1]

The worker's compensation act does not provide for formal discovery. Welch, Workers' Compensation in Michigan: Law & Practice, § 20.16, p 268. To offset the absence of formal discovery procedures, the Legislature designed MCL 418.222.

---

[1] As will be discussed, the Court previously has examined § 222 under the circumstances of a defendant's wilful failure to comply.

MCL 418.222(3) provides:

> The application for mediation or hearing shall be as pre-
> scribed by the bureau and shall contain factual information
> regarding the nature of the injury, the date of injury, the
> names and addresses of any witnesses except employees
> currently employed by the employer, the names and
> addresses of any doctors, hospitals, or other health care
> providers who treated the employee with regard to the per-
> sonal injury, the name and address of the employer, the
> dates on which the employee was unable to work because
> of the personal injury, whether the employee had any other
> employment at the time of, or subsequent to, the date of the
> personal injury and the names and addresses of the employ-
> ers, and any other information required by the bureau.

To ensure the cooperative exchange of relevant information, the statute provides a harsh penalty for wilful noncompliance with the above process. MCL 418.222(6) states: "The willful failure of a party to comply with this section shall prohibit that party from proceeding under this act." The use of the word "shall" in subsection 222(6) is unambiguous, and indicates mandatory, rather than discretionary, action. *Snyder v General Safety Corp (On Remand)*, 200 Mich App 332, 334; 504 NW2d 31 (1993). Therefore, the only available sanction for the wilful failure to comply with MCL 418.222 is a prohibition against proceeding; a less drastic sanction is not available. *Id.*

The question presented in this appeal is whether plaintiff's failure to comply with the disclosure requirements of MCL 418.222(3) was wilfull.

## II. FACTS

In April 1996, plaintiff was working for defendant McGuire Steel Erection, Inc. (hereafter defendant), when he was pinned by a crane. Plaintiff suffered injuries to his back and neck and was off work for

approximately twenty days. Plaintiff returned to work and eventually worked without restrictions. However, eight weeks after his return, plaintiff was laid off.

After his layoff, plaintiff worked briefly (three to four weeks) for US Steel in New York. However, plaintiff had to quit working because of the pain in his back and neck. Plaintiff's employment with US Steel ended in August 1996.

In September 1996, plaintiff filed an application for mediation or hearing, alleging back and neck disability as a result of the injuries he suffered in the April 1996 accident while working for defendant. Plaintiff's application did not reveal the fact that US Steel had employed him after his injury.

At the start of proceedings below, defendant moved to preclude plaintiff from proceeding, alleging that plaintiff wilfully failed to disclose his subsequent employment on his application. The magistrate denied the motion on the ground that because defendant had been made aware of the omission well in advance of the hearing, there was no prejudice.

Following the hearing on plaintiff's application, the magistrate found that plaintiff had established an injury date of April 16, 1996, and a continuing disability related to that injury. Plaintiff was granted an open award of benefits.

Defendant appealed the magistrate's decision, claiming, among other things, that the magistrate improperly denied its motion to preclude plaintiff from proceeding. The WCAC agreed, stating that, contrary to the magistrate's decision, whether defendant was prejudiced was of no consequence, the proper question was whether plaintiff wilfully failed to disclose his subsequent employment on his application. As a result, the WCAC remanded the matter to the magistrate to answer that question.

A hearing on remand was conducted by the magistrate. In her supplemental decision, the magistrate recounted the testimony of the remand hearing as follows:

> At this hearing, plaintiff testified that he initially saw Neil Miller, an attorney, regarding his workers' compensation claim. Plaintiff testified that he told Mr. Miller about his employment in New York, although he did not know the address for the employer at that time. Mr. Miller then referred plaintiff's case to Richard Warsh who filed the petition on plaintiff's behalf and represented plaintiff at the hearing. Plaintiff did not have a conversation with Mr. Warsh prior to the filing of his petition; however; [sic] he did speak with Mr. Warsh's secretary and advised her of his New York employment. Sometime after the petition was filed, plaintiff provided Mr. Warsh with the correct name and address of the New York employer which information was forwarded to defense counsel. . . . Plaintiff does not know when this exchange occurred or what prompted it. On cross-examination, plaintiff acknowledged that his application was completed after his work at New York Bridge and that nothing on his petition includes any reference to that employment. He acknowledged his answer to question 27 is "only with the same employer." Plaintiff testified that he does not know why the subsequent employment was not included on the petition.

On the basis of this evidence, the magistrate concluded:

> While the plaintiff's response to question 27 is incorrect, I am not persuaded that defendant has established a willful attempt to thwart the exchange of information required by section 222. Willful is defined as "deliberate; being in accordance with one's will." The *American Heritage Dictionary*. 2nd College ed. Boston: Houghton Mifflin Company, 1985. In the instant case, plaintiff testified that he did provide the information to his attorney and that he does not know why that information was not contained on the petition. I cannot infer from this that plaintiff intentionally withheld information from defendant. While one might speculate as to plain-

tiff's intent, it is equally plausible that plaintiff failed to carefully review the petition after it was prepared by counsel's office. Based on the evidence presented, I find that the record fails to establish a willful failure to comply with section 222.

Defendant again appealed the decision of the magistrate to the WCAC. In reversing the decision of the magistrate, a majority of the WCAC stated:

> The magistrate found she could not infer willfulness from the fact that plaintiff did not know why post-injury employment information was omitted from his petition. In response, defendant correctly points out that "the fact that the plaintiff did not know why the information was not on the form is not the issue." We agree. As defendant accurately asserts, plaintiff testified he signed the application after his post-injury employment and conceded he knew the application did not include information regarding that employment. We are persuaded that plaintiff's act of knowingly signing a document he knew lacked the requisite information constitutes "a willful failure" to comply with the act pursuant to section 222(3) and (6).

The dissenting commissioner was of the opinion that to support a finding of wilfulness, there must be some evidence that plaintiff intentionally or deliberately, as opposed to negligently, failed to disclose the subsequent employment, and that in the case at bar, there was no such evidence. The commissioner further opined that any noncompliance was reasonably cured before the hearing.

Plaintiff then sought leave to appeal in this Court, claiming that to infer wilfulness, there must be more than mere nondisclosure of a known fact, there should be a pattern of repeated conduct, and that even if plaintiff did not comply with MCL 418.222, the sanction imposed was too harsh. This Court granted plaintiff's application.

### III. LEGAL ANALYSIS

The WCAC reviews the magistrate's decision under the "substantial evidence" standard, while this Court will review the WCAC's decision under the "any evidence" standard. *Mudel v Great Atlantic & Pacific Tea Co*, 462 Mich 691, 709; 614 NW2d 607 (2000). This Court's review begins with the WCAC's decision, not that of the magistrate. *Id.* If there is any evidence supporting the WCAC's factual findings, and if the WCAC did not misapprehend its administrative role in reviewing decisions of the magistrate, then the courts must treat the WCAC's factual findings as conclusive. *Id.* at 709-710.

In this case, before we can determine whether the WCAC was correct in its determination of wilfulness, we must define that term in the context of subsection 222(6). For assistance, we first turn to *Snyder* where this Court previously interpreted subsection 222(6) in the context of a defendant's wilful noncompliance. The *Snyder* defendants failed to provide the plaintiff with the medical report of a doctor who had treated the plaintiff at the defendants' request, even though the defendants relied on that doctor's report to terminate the plaintiff's benefits. *Snyder, supra* at 334. The defendants argued that they did not wilfully fail to give the report to the plaintiff, where they reasonably could have assumed that the plaintiff already possessed reports from her physicians. This Court observed, however, that the defendants were on notice of their obligation to furnish the medical records both by § 222 and the plaintiff's written demand for medical records. Thus, this Court found no error in the magistrate's finding of wilful noncom-

pliance.[2] *Id.* at 335. Without additional facts regarding the noncompliance, and given that *Snyder* involved the defendants' noncompliance, rather than a plaintiff's noncompliance, *Snyder* is not dispositive to the issue at bar. Further, while *Snyder* illustrated an example of wilful noncompliance, it did not define the statutory phrase "the willful failure of a party to comply."

Where a phrase is not defined in a statute, it should be accorded its plain and ordinary meaning. *Theisen v Knake*, 236 Mich App 249, 253; 599 NW2d 777 (1999), quoting *Vanderlaan v Tri-County Community Hosp*, 209 Mich App 328, 332; 530 NW2d 186 (1995). In prior decisions, this Court has interpreted phrases similar to the one at issue to essentially mean conscious, intentional, or deliberate noncompliance. For example, in *Scott v Hurd-Corrigan Moving & Storage Co, Inc*, 103 Mich App 322, 338-339; 302 NW2d 867 (1981) (interpreting UCC § 7-210[9], MCL 440.7210[9]), this Court held that a wilfull violation of a statute, "implies a knowing, conscious noncompliance with the statute or a deliberate unwillingness to discover and obey the law." Mere mistake, carelessness, or inadvertence is insufficient. *Id.* at 339. More recently, in *Cruz v State Farm Mut Automobile Ins Co*, 241 Mich App 159, 169; 614 NW2d 689 (2000) (interpreting an insurance contract),[3] this Court stated that the phrase wilful noncompliance, referred to a "deliberate effort to withhold material information or a pattern of noncooperation." *Id.*, citing *Thomson v State Farm*

---

[2] Although not cited in this Court's opinion, the magistrate had found that the defendants made a "conscious effort" to deprive the plaintiff of the information and labeled the defendants' conduct "deplorable." *Snyder v General Safety Corp*, 1990 Mich ACO 217.

[3] The Michigan Supreme Court has granted leave to review *Cruz*, 464 Mich 873 (2001), on the limited issue "whether examination under oath provisions in a no-fault policy are permitted by the no-fault act." *Id.*

*Ins Co*, 232 Mich App 38, 45; 592 NW2d 82 (1998) (emphasis deleted). We agree with these statements and apply them in the context of MCL 418.222(6) as well. Consequently, should a party consciously, intentionally, or deliberately fail to provide information or materials required by § 222, the party will be prohibited from proceeding under the act.

Plaintiff in this case argues that wilfullness requires a pattern of repeated misconduct, not merely an isolated nondisclosure. We disagree. While a pattern of repeated conduct may be used as evidence from which a party's intent can be inferred, it is not a prerequisite to a finding of a wilfull failure to comply with the act. If a party consciously, intentionally, or deliberately withholds information that MCL 418.222 requires be disclosed, then that conduct should not be excused simply because it is the first, and perhaps only, act of noncompliance. As this Court indicated in *Cruz*, wilful noncompliance may be shown by either a single, deliberate effort to withhold information or by a pattern of noncooperation. *Cruz, supra*. As a result, the determination of wilfullness will have to be made case by case and is dependent on the circumstances of a particular case.

Therefore, the question at bar is whether, under the circumstances of this case, plaintiff consciously, intentionally, or deliberately failed to disclose on his application his subsequent employment with US Steel. We answer that question in the negative.

Even under the "any evidence" standard, we conclude that the WCAC's finding of a wilful failure was improper. The WCAC reasoned that because plaintiff knew of his employment with US Steel at the time the application was filed, and because the application failed to disclose that employment, the necessary conclusion was that plaintiff wilfully failed to comply

with MCL 418.222(3). We disagree with such an analysis.

The WCAC skipped the relevant inquiry entirely. The question of wilfulness is not, as the WCAC determined, dependent entirely upon two facts: i.e., the fact that plaintiff knew of his subsequent employment at the time he filed the application and the fact the application did not disclose that subsequent employment. Instead, answering the question of wilfulness requires an analysis of the reason for the latter fact in light of the former fact. In other words, the relevant inquiry is, in light of the fact that plaintiff obviously knew, at the time the application was filed, that he had been employed with US Steel, why was that employment not disclosed on his application? The WCAC essentially determined that the answer to that inquiry was that it was because plaintiff intended not to comply with the provisions of MCL 418.222(3). However, there was no evidence to support such a determination. Plaintiff told the attorney he initially consulted about his employment with US Steel. That attorney referred plaintiff to other counsel. During an interview with that other counsel's secretary regarding plaintiff's claim, before filing the application, plaintiff disclosed his employment with US Steel. However, plaintiff could not explain why the application did not disclose the employment. At no point did plaintiff state that he knew, at the time he signed the application, that the application did not disclose his subsequent employment. In the absence of such a statement, or similar evidence, it is equally plausible that plaintiff merely made a mistake, or was careless in reviewing the application. Under the circumstances of this case, there is simply no evidence to support a finding that

the nondisclosure was anything other than a mistake.[4] Because there was no evidence to support the WCAC's finding that plaintiff wilfully failed to disclose his subsequent employment on his application, the WCAC erred in reversing the decision of the magistrate. *Mudel, supra.*

Reversed and remanded to the WCAC for proceedings consistent with this opinion. We do not retain jurisdiction.

---

[4] The WCAC's statement in its opinion after remand that "[Plaintiff] conceded he knew the application did not include information regarding that [later] employment" is misleading. There is no evidence in the record suggesting plaintiff knew the information regarding his employment with US Steel was missing from his application before signing the application. At the remand hearing before the magistrate, plaintiff acknowledged that the application filed did not contain any information regarding US Steel; however, plaintiff claimed he did not know the reason such information was not included. Plaintiff testified that he informed his original attorney and his second attorney's secretary of the subsequent employment and had "no idea" why that information was not provided in the application. We note that defendant has not cited any evidence to support the statement in its brief on appeal: "Plaintiff admitted that he was conscious of the missing and false information on his application." Although defendant cites a portion of plaintiff's testimony at the remand hearing in support of that statement, the record of the hearing merely establishes that plaintiff acknowledges the application does not contain any reference to US Steel. Plaintiff never testified that he knew or was conscious that such information was missing from his application before its filing.