## YEO v STATE FARM INSURANCE COMPANY

Docket No. 183065. Submitted September 3, 1996, at Detroit. Decided October 4, 1996, at 9:10 A.M.

Sheri Yeo brought an action in the Oakland Circuit Court against State Farm Mutual Insurance Company, seeking benefits under a homeowner's insurance policy for property stolen when her home was burglarized. The defendant sought summary disposition, arguing that the plaintiff failed to comply with a condition in the policy when she failed to appear for a scheduled oral examination under oath. The plaintiff alleged substantial compliance with the policy condition on the basis of a detailed, taped statement she submitted to the defendant that was not given under oath. The court, Robert L. Templin, J., granted the motion and dismissed the case without prejudice. The defendant appealed, alleging that the dismissal should have been with prejudice.

The Court of Appeals *held*:

1. The policy language clearly establishes that, when requested, an examination under oath is a condition precedent that must be satisfied before the insured may bring an action against the insurer. Such a provision generally is valid and enforceable. The failure to comply with such a provision generally is not an absolute bar to recovery, but acts to suspend the right to recovery until the examination is held, and dismissal without prejudice is proper.

2. The record does not indicate that the plaintiff's failure to submit to the examination under oath was the result of a flat refusal to submit to such an examination, i.e., wilful noncompliance. The trial court properly dismissed the action without prejudice.

Affirmed.

INSURANCE — ACTIONS — DISMISSAL WITHOUT PREJUDICE — CONDITIONS PRECEDENT — EXAMINATIONS UNDER OATH.

Language in a homeowner's insurance policy that clearly establishes that, when requested by the insurer, an examination of the insured under oath is a condition precedent that must be satisfied before the insured has a right to bring an action against the insurer is generally valid and enforceable; the insured's failure to comply with the condition generally is not an absolute bar to recovery, but acts to suspend the right to recovery until the examination is held; the

insured's nonwilful noncompliance with the condition precedent generally requires that an action by the insured against the insurer be dismissed without prejudice.

*Martin Gary Deutch*, for the plaintiff.

*Klemanski & Honeyman, P.C.* (by *John D. Honeyman*), for the defendant.

Before: CAVANAGH, P.J., and MURPHY and C. W. SIMON, JR.,* JJ.

MURPHY, J. Defendant appeals as of right the trial court's grant of summary disposition, dismissing without prejudice plaintiff's claim for benefits under a homeowner's policy. Defendant argues that the dismissal should have been with prejudice. We disagree and affirm the ruling of the trial court.

Plaintiff owned a home that was insured by defendant. Plaintiff alleged that on July 22, 1994, her home was burglarized and property was stolen therefrom. Plaintiff sought to collect benefits under her homeowner's policy. In a September 27, 1994, letter, defendant requested, pursuant to the homeowner's policy, an oral examination of plaintiff, under oath, on October 25, 1994. On October 5, 1994, plaintiff gave a detailed, taped statement to defendant. This statement was not given under oath. On October 25, 1994, plaintiff failed to appear for the scheduled oral examination. In a letter dated October 31, 1994, defendant rescheduled the oral examination for November 21, 1994. Plaintiff filed the instant action on November 2, 1994.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Defendant moved for summary disposition, arguing that because plaintiff failed to satisfy the condition of being examined under oath, recovery under the policy was barred. Plaintiff argued that by giving the taped statement, although it was not given under oath, she substantially complied with the oral examination condition. The trial court granted defendant's motion on the ground that the oral examination condition had not been satisfied. The trial court dismissed the case without prejudice and with the "hope that the parties can proceed with the examination under oath and refile [sic] this case."

On appeal, the precise issue presented is whether an action dismissed for failure to comply with a condition in a homeowner's policy requiring the insured to submit, upon request, to an oral examination under oath before an action can be brought, should be dismissed with prejudice. We answer in the negative.

The policy at issue in this case provides, in relevant part, as follows:

Section 1 — Conditions

\*        \*        \*

2. *Your Duties After Loss.* After a loss to which this insurance may apply, you shall see that the following duties are performed:

\*        \*        \*

d. as often as we reasonably require:

\*        \*        \*

(3) submit to and subscribe, while not in the presence of any other insured:
  (a) statements; and

(b) examinations under oath; and

*      *      *

8. *Suit Against Us.* No action shall be brought unless there has been compliance with the policy provisions. The action must be started within one year after the date of the loss or damage.

A "condition precedent" is a fact or event that the parties intend must take place before there is a right to performance. *Knox v Knox,* 337 Mich 109, 118; 59 NW2d 108 (1953). Courts are not inclined to construe stipulations of a contract as conditions precedent unless compelled by the language of the contract. *Reed v Citizens Ins Co of America,* 198 Mich App 443, 447; 499 NW2d 22 (1993). In this case, the policy language clearly establishes that, when requested, an examination under oath is a condition that must be satisfied before an insured has the right to bring an action against defendant. Such a condition "is a valid one and as a general rule enforceable, and one who without cause refuses to submit to examination should be precluded from maintaining an action on the policy." *Gordon v St Paul Fire & Marine Ins Co,* 197 Mich 226, 230; 163 NW 956 (1917).

Conditions similar to the one in the case at bar have been addressed in previous decisions. In *Gordon, id.* at 229-231, on the day the plaintiff was to be examined under oath, she declined to participate in the examination because her attorney was unavailable. The Supreme Court held that the plaintiff's conduct did not amount to a refusal to submit to the examination, and, therefore, her right to maintain the action had not been precluded. *Id.* In *Gibson v Group Ins Co of Michigan,* 142 Mich App 271, 275-276; 369

NW2d 484 (1985), the plaintiff asserted his Fifth Amendment privilege against self-incrimination during the examination. This Court held that because the plaintiff had answered similar questions both before and after the examination, the plaintiff had substantially complied with his obligation and could bring suit on the policy. *Id.* We consider these cases to be instructive regarding what constitutes compliance with such a condition, or, in other words, whether dismissal is proper. However, the issue in the instant case is whether, once it has been established that the condition has not been met,[1] the dismissal should be with or without prejudice. This issue is one of first impression.

We hold that, as a general rule, a provision such as the one in the instant case is a condition precedent to filing the action, and the failure to comply with such a condition is not an absolute bar to recovery, but acts to suspend the right to recovery until the examination is held. See 20 Appleman, Insurance Law & Practice, § 11416, p 568. Therefore, in general, dismissal without prejudice is proper. We find nothing in the language of the policy or the argument of defendant to persuade us that the failure to comply with such a condition requires dismissal with prejudice. The purpose behind the examination condition is "to elicit the facts in order that the company may determine whether it will defend or adjust the claim." *Gordon,* *supra* at 230. Our holding is consistent with and does not frustrate this purpose. Dismissal without preju-

---

[1] Plaintiff has not asked for, and we do not offer, our opinion regarding whether, under the circumstances of this case, plaintiff had substantially complied with the condition of being examined under oath.

dice, which would allow a plaintiff to submit to an examination under oath and then refile the action, is equitable and protects the interests of both parties. The plaintiff will have the opportunity to seek her insurance benefits, while the defendant will still have the opportunity to examine the plaintiff, under oath, to determine if it will defend or adjust the claim.

Defendant argues that because plaintiff wilfully violated the condition of being examined under oath, the dismissal should be with prejudice. However, we find nothing on the record to indicate that plaintiff's failure to submit to the examination on October 25, 1994, was the result of a flat refusal to submit to such an examination. Therefore, we need not address the effect of wilful noncompliance on the general rule stated here.

Under these circumstances, the trial court properly dismissed plaintiff's action without prejudice.

Affirmed.