Kelly, J.
(concurring in part and dissenting in part). I agree with the majority’s holding that defendant cannot make payment of personal injury protection (pip) insurance benefits contingent on plaintiff submitting to an examination under oath (EUO). However, I respectfully disagree with its conclusion that an euo provision that complied with the requirements of the no-fault act[1] would be permissible.
No example has been suggested of an euo that would not conflict with the goals and purposes of the act. Therefore, I conclude that an euo provision could not comply with the requirements of the no-fault act. I would affirm the Court of Appeals decision that all euo provisions are unenforceable under the act.
*604 I. APPLICABLE STANDARDS OF REVIEW
This case involves questions of law and issues of statutory interpretation. They are reviewed de novo, the primary rule of statutory construction being to effectuate the intent of the Legislature. Where the statutory language is clear and unambiguous, it is generally applied as written. Putkamer v Transamerica Ins Corp, 454 Mich 626, 631; 563 NW2d 683 (1997). Also, because the no-fault act is remedial in nature, it must be liberally construed in favor of the persons intended to benefit from it. Turner v Auto Club Ins Ass’n, 448 Mich 22, 28; 528 NW2d 681 (1995).
II. CURRENT USES OF EUO PROVISIONS
The parties agree that the no-fault act makes no reference to EUO provisions. One of the questions before us is whether this absence indicates a legislative intent not to allow EUOs in the context of no-fault insurance policies. In deciding this, it is important to consider the nature and purpose of EUOs.
Examination under oath provisions have been held generally enforceable in fire insurance and homeowner’s insurance policies. See, e.g., Yeo v State Farm Ins Co, 219 Mich App 254; 555 NW2d 893 (1996); Dellar v Frankenmuth Mut Ins Co, 173 Mich App 138; 433 NW2d 380 (1988). Their purpose is to enable an insurer to gather facts in determining whether to deny or to honor a claim. Gordon v St Paul Fire & Marine Ins Co, 197 Mich 226, 230; 163 NW 956 (1917).
The EUO questioning takes place before a lawsuit is initiated. Comment, Property insurance: A call for increased use of examinations under oath for the detection and deterrence of fraudulent insurance *605 claims, 97 Dickinson L R 329, 334 (1993). An insurer may use it to discourage litigation or to promote settlement. Id. It can be used to obtain information on any matter concerning the insurance policy and the loss. Questions asked during an euo are not deemed improper merely because they are controversial or evoke answers that might be used for impeachment. Id. at 338. The primary use of an euo is to detect fraud.
The insured’s compliance with an euo provision contained in a property insurance policy is generally considered a condition precedent to recovery.[2] Id. 339. Thus, refusal to submit to an euo constitutes a breach of the insurance contract and precludes the payment of benefits, unless the refusal is for cause. Gordon, supra.
m. THE INAPPLICABILITY OF EUOs IN NO-FAULT INSURANCE
Automobile no-fault insurance is distinguishable from property insurance in which EUOs have been found acceptable. First, motor vehicle owners in Michigan are mandated by statute to purchase no-fault insurance. The no-fault act is an expression of legislative intent to provide automobile accident victims with assured, adequate, and prompt reparation. Celina Mut Ins Co v Lake States Ins Co, 452 Mich 84 (1996). To that end, the act mandates that every owner or registrant of a motor vehicle purchase per *606 sonal injury protection insurance as long as the vehicle is driven. MCL 500.3101(1).
When accidental bodily injury results from the use of a vehicle, an insurer is hable to pay benefits under this insurance without regard to fault. MCL 500.3105(1). The act provides that pip benefits are payable for reasonable charges incurred in the care, recovery, or rehabilitation of the injured person. MCL 500.3107(l)(a). Benefits are also payable for loss of income for the first three years following the date of an accident. MCL 500.3107(l)(b).
Of course, the insurer’s liability is not without limit. The act expressly addresses the duties of the insured. It provides numerous means by which insurers may gather information about the fact and the amount of a claimed loss.
A claimant has the burden of establishing the reasonableness and necessity of medical expenses and the amount that would have been earned had the injury not occurred. See Nasser v Auto Club Ins Ass’n, 435 Mich 33; 457 NW2d 637 (1990); Anton v State Farm Mut Auto Ins Co, 238 Mich App 673, 684; 607 NW2d 123 (1999). The no-fault act also mandates that a claimant submit to a mental or physical examination when his mental or physical condition is material to a claim. MCL 500.3151. It requires a treating physician or medical institution to submit a written report of the history, condition, treatment, and dates and costs of treatment of the injured person. MCL 500.3158(2).
With regard to proof of loss of income, MCL 500.3158(1) mandates that the employer of a claimant furnish a sworn statement of the claimant’s earnings. The insurer can seek a discovery order under MCL *607 500.3159 when there is a dispute regarding its right to discover facts concerning earnings or the claimant’s “history, condition, treatment and dates and costs of treatment.”
The act is considered the “rule book” for deciding issues regarding the payment of pip benefits. Rohlman v Hawkeye-Security Ins Co, 442 Mich 520, 524-525; 502 NW2d 310 (1993). Despite the fact that it provides numerous and specific means to obtain information about a claim, it is silent regarding the validity of euo provisions. It is difficult to conclude from that silence a legislative intent to allow euo provisions.
Even more significant is the language used in MCL 500.3142(2):
Personal protection insurance benefits are overdue if not paid within 30 days after an insurer receives reasonable proof of the fact and of the amount of loss sustained. If reasonable proof is not supplied as to the entire claim, the amount supported by reasonable proof is overdue if not paid within 30 days after the proof is received by the insurer. Any part of the remainder of the claim that is later supported by reasonable proof is overdue if not paid within 30 days after the proof is received by the insurer. [Emphasis added.]
This section is intended to penalize insurers that refuse to comply with the act’s goal of providing prompt reparation. Wood v Detroit Automobile Inter-Ins Exch, 413 Mich 573, 589, n 17; 321 NW2d 653 (1982).
Penalty interest begins to accrue when an insurer refuses to pay benefits for which it is liable. MCL 500.3142(3). It is assessed regardless of the insurer’s good faith in withholding benefits. Davis v Citizens Ins Co of America, 195 Mich App 323, 328; 489 NW2d *608 214 (1992). Thus, an insurer can refuse to pay benefits with impunity only if the insured fails to file a timely claim and provide reasonable proof of loss. Johnston v Detroit Automobile Inter-Ins Exch, 124 Mich App 212, 216; 333 NW2d 517 (1983). Of course, the insurer could escape the penalty clause if it correctly deemed the proof of loss unreasonable, as in cases of fraud.
It is not apparent, nor does defendant argue, that an euo is needed in no-fault policies for gathering information. Nor is an euo essential to enable the insurer to detect fraud. The statute provides express and ample means of gathering the information needed to detect fraud and establish entitlement to benefits. Hence, I conclude that the absence of a statutory provision for EUOs indicates a legislative intent not to allow their use.
IV. THE FLAWS IN THE MAJORITY’S ANALYSIS
The majority concludes, notwithstanding the act’s detailed scheme for gathering information, that the Legislature provided inadequate means for insurers to detect fraud. It assumes that EUO provisions are needed but were overlooked. However, it seems to me likely that the Legislature considered the importance of an insurer’s need to detect fraudulent claims when it wrote and passed the no-fault act.[3]
*609 The majority’s assumption tilts the scale in favor of the insurer. It allows the insurer to add to the contract a provision that raises the quantum of proof necessary to establish a no-fault claim. Not only must the insured provide reasonable proof of loss, it must comply with an EUO, if requested. The insured might provide reasonable proof of loss but refuse an EUO. The refusal, alone, would justify an insurer in refusing to pay claims, protect it from the act’s penalty provision, and shield it from suit by the insured for breach of contract.
The majority’s opinion sets the stage for this insurance abuse. The insurer has only to assert that the claimant’s proof of loss is not reasonable, invoke its EUO clause, and wait to see if the insured refuses to comply. This interpretation of the no-fault act is unconscionable. It flies in the face of the act’s purpose: to provide prompt reparation to insureds. The act requires payment of premiums for mandated coverage. The majority permits the insurer to disallow the insured’s claims using a nonstatutory provision unnecessary to establish reasonable proof of a claim. See Blakeslee v Farm Bureau Mut Ins Co of Mich, 388 Mich 464, 474; 201 NW2d 786 (1972). We should not leave open the door for euos in no-fault policy provisions in reliance on speculation that circumstances might arise where they would comply with the statutory requirements of the act.
*610 V. CONCLUSION
The no-fault act does not permit an insurer to disallow claims by using an euo, a procedural requirement that has not been shown as necessary to uncover fraud or the fact or amount of a no-fault loss. In fact, the Legislature ignored EUO provisions when it wrote the no-fault act. An insurer’s addition of one to a policy allows it to avoid payment of valid no-fault claims, circumvent the act’s penalty provision, and defeat suits for contract breach.
Presumably, in this case, if defendant had not admitted that plaintiff provided adequate information for it to honor the claim without an euo, the majority would have ruled for defendant. The majority has failed utterly to explain why its ruling will not permit insurers to avoid paying no fault benefits merely by claiming that an insured who refused an EUO failed to supply reasonable proof. By leaving open this door, the majority undermines the act’s purpose of providing prompt reparation to victims of automobile accidents.
For all these reasons, I would affirm the Court of Appeals determination that euos in no-fault automobile insurance policies are unenforceable.
Cavanagh, J., concurred with Kelly, J.

 MCL 500.3101 et seq.

 A “condition precedent” is a fact or event that must take place before there is a right to performance. Knox v Knox, 337 Mich 109, 118; 59 NW2d 108 (1953).

 MCL 500.3159 of the no-fault act provides:
In a dispute regarding an insurer’s right to discovery of facts about an injured person’s earnings or about his history, condition, treatment and dates and costs of treatment, a court may enter an order for discovery. . . .
*609 If the Legislature intended the use of euos in no-fault automobile insurance policy sections, there would have been no need to write into the act this specific provision for discovery. This is because discovery includes depositions which are examinations under oath supervised by the court.