*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BRONSON HEALTH CARE GROUP, INC.,

Plaintiff-Appellant,

v

STATE AUTO PROPERTY AND CASUALTY
INSURANCE COMPANY and STATE
AUTOMOBILE MUTUAL INSURANCE
COMPANY,

Defendants-Appellees.

FOR PUBLICATION
November 7, 2019
9:00 a.m.

No. 345332
Kalamazoo Circuit Court
LC No. 2017-000582-NF

Before: MARKEY, P.J., and BORRELLO and BOONSTRA, JJ.

BOONSTRA, J.

Plaintiff appeals by right the trial court's order granting summary disposition in favor of defendants under MCR 2.116(C)(10). We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Victor Caballero (Victor) was involved in an automobile accident while driving a motor vehicle insured under a Personal Auto Policy (the Policy) issued by State Auto[1] to Maria Caballero (Maria), Victor's wife. Victor sustained injuries and was treated by plaintiff; he assigned to plaintiff his right to seek payment of personal injury protection (PIP) benefits under

---

[1] The Policy bears a caption of **STATE AUTO**® Insurance Companies, and identifies the State Auto Insurance Companies are including, among others, State Auto Property & Casualty Insurance Company and State Automobile Mutual Insurance Company. The Policy's declarations page identifies the company providing coverage under the Policy as "State Automobile Mutual." For simplicity, and consistently with the parties' treatment of the issue, we will refer to the insurer under the Policy, and collectively to the named defendants, as "State Auto."

the Michigan no-fault insurance act (the no-fault act);[2] plaintiff in turn sought to recover them from State Auto. State Auto denied coverage on the ground that Victor was an excluded operator under the Policy. Plaintiff brought suit, asserting that Victor had a statutory right to receive PIP benefits and that plaintiff, by assignment, had a right to recover those benefits for the services it provided to Victor. State Auto moved for summary disposition under MCR 2.116(C)(10), contending that, as an excluded operator, Victor (and therefore plaintiff by assignment) was not entitled to recover PIP benefits from State Auto. Plaintiff argued that it was entitled to recover PIP benefits from State Auto because the Policy's applicable Named Driver Exclusion Endorsement (the Endorsement) did not specify that PIP benefits would not apply (if Victor operated a covered motor vehicle); it instead only stated that certain other types of benefits would not apply. The trial court concluded that the language of the Policy as a whole reflected an intent to exclude PIP benefits when Victor, an excluded driver, was driving a covered vehicle. It therefore granted State Auto's motion. This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews de novo a trial court's ruling on a motion for summary disposition. *Zaher v Miotke*, 300 Mich App 132, 139; 832 NW2d 266 (2013).

> A motion under MCR 2.116(C)(10) tests the factual support of a plaintiff's claim. Summary disposition is appropriate under MCR 2.116(C)(10) if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. In reviewing a motion under MCR 2.116(C)(10), this Court considers the pleadings, admissions, affidavits, and other relevant documentary evidence of record in the light most favorable to the nonmoving party to determine whether any genuine issue of material fact exists to warrant a trial. A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ. [*Id*. at 139-140 (quotation marks and citations omitted).]

We review de novo as a question of law the interpretation of statutes. *McCormick v Carrier*, 487 Mich 180, 233; 795 NW2d 517 (2010). We also review de novo the construction and interpretation of an insurance contract. *Lewis v Farmers Ins Exch*, 315 Mich App 202, 209; 888 NW2d 916 (2016).

## III. ANALYSIS

Plaintiff argues that the trial court erred by granting summary disposition in favor of State Auto because, based on the plain and unambiguous language of the Endorsement, it did not

---

[2] The no-fault act was enacted by 1972 PA 294, which added a chapter to the insurance code of 1956, MCL 500.100 *et seq*. The no-fault act is found in chapter 31 of the insurance code, MCL 500.3101 *et seq*.

apply to PIP benefits. However, we disagree with plaintiff's framing of the issue. Moreover, we conclude, after appropriately framing the issue, that the trial court properly granted summary disposition in favor of State Auto, although our reasoning differs somewhat from that of the trial court.[3]

Although plaintiff argues that the issue before us is purely one of *contract* interpretation, we conclude that where, as here, the benefits in question are mandated by statute, the issue is actually one of *statutory* interpretation. "The no-fault act mandates certain minimal coverage," although "a policy of insurance may provide broader coverage than that mandated under the statute or may provide supplemental coverage for benefits not required by the no-fault act." See *Rednour v Hasting Mut Ins Co*, 245 Mich App 419, 422; 628 NW2d 116 (2001), rev'd on other grounds 468 Mich 241 (2003). For non-mandated coverage, " it is the insurance policy as a contractual agreement between the parties that governs the coverage, rather than the statutory provisions of the no-fault act." *Id*. However, for mandated coverage, it is the no-fault act itself that governs the coverage. *Id*. See also, *Cruz v State Farm Mut Auto Ins Co*, 241 Mich App 159, 164-167; 614 NW2d 689 (2000).

PIP benefits are mandated by the no-fault act, and a claimant's entitlement to PIP benefits is therefore based in statute, not in contract. See, e.g., MCL 500.3105(2) ("[p]ersonal protection benefits are due under this chapter without regard to fault"); MCL 500.3105(1) ("[u]nder personal protection insurance an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle"); *Cruz*, 241 Mich App at 164-167 ("The no-fault act mandates that insurers 'pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle.' ") (quoting MCL 500.3105(1)). "Because [PIP] benefits are mandated by the no-fault statute, the statute is the 'rule-book' for deciding the issues in questions regarding awarding those benefits." *Id*., (citation omitted). Therefore, "our task is to interpret the statute and not the policy. Where insurance policy coverage is directed by the no-fault act and the language in the policy is intended to be consistent with that act,[4] the language should be interpreted in a consistent fashion, which can only be accomplished by interpreting the statute, rather than individual policies." *Rohlman v Hawkeye-Security Ins Co*, 442 Mich 520, 530; 502 NW2d 310 (1993).

Because of the statutorily-mandated nature of PIP benefits, the no-fault act requires an insurer, in order to issue a policy consistent with the no-fault act, to provide PIP benefits to a "named insured" and to his or her spouse and household relatives. See MCL 500.3114(1); see

---

[3] We may affirm the trial court when it reached the right result, even if we differ on the reasoning underlying that result. See *Bruise v City of Pontiac*, 282 Mich App 646, 652 n 3; 766 NW2d 311 (2009).

[4] As noted, it is permissible for an insurance policy to provide for *broader* coverage than is required by statute, in which case the policy may be enforced as written. See *Rohlman v Hawkeye-Security Ins Co*, 442 Mich 520, 530 n 10; 502 NW2d 310 (1993) (citing 12A Couch, Insurance, 2d (rev ed), § 45.699, p 336).

also *Dobbelaere v Auto-Owners Ins Co*, 275 Mich App 527, 532; 740 NW2d 503 (2007). But MCL 500.3113(d) provides in relevant part that a "person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident . . . the person was operating a motor vehicle or motorcycle as to which he or she was named as an excluded operator as allowed under section 3009(2)." MCL 500.3009(2)[5] provides:

> If authorized by the insured, automobile liability or motor vehicle liability coverage may be excluded when a vehicle is operated by a named person. An exclusion under this subsection is not valid unless the following notice is on the face of the policy or the declaration page or certificate of the policy and on the certificate of insurance:
>
> Warning—when a named excluded person operates a vehicle all liability coverage is void—no one is insured. Owners of the vehicle and others legally responsible for the acts of the named excluded person remain fully personally liable.

The no-fault act thus provides a mechanism by which a person may be statutorily excluded from entitlement to PIP benefits notwithstanding that he or she may otherwise have been entitled to them. Therefore, the issue before us is whether Victor was properly named as an excluded operator under MCL 500.3009(2)—if so, he was statutorily barred from receiving PIP benefits by MCL 500.3113(d).

When Maria purchased the policy from State Auto, she signed 4 endorsements, each entitled Named Driver Exclusion Endorsement, one for each of four persons who were identified on those endorsements as a "Person Excluded."[6] One of those persons was Victor. The endorsements became part of the Policy. The Endorsement applicable to Victor reads as follows:

---

[5] MCL 500.3009(2) is part of the insurance code, but it predates and is not part of the no-fault act.

[6] Named driver exclusion endorsements "are intended to reduce premiums, and the excluded drivers are generally the highest risk drivers." *Detroit Automobile Inter-Insurance Exchange v Commissioner of Insurance*, 86 Mich App 473, 479; 272 NW2d 689 (1979). Presumably, Maria received a reduced policy premium as a result of listing Victor and the other three excluded drivers in the endorsements.



Policy Number: ___AMI 0047990___

## NAMED DRIVER EXCLUSION ENDORSEMENT

THIS ENDORSEMENT CHANGES THE TERMS OF YOUR POLICY.
PLEASE READ IT CAREFULLY, AND KEEP IT WITH YOUR POLICY.

4 Pages

This endorsement changes certain terms of the above-referenced policy issued to the Named Insured(s) listed below. This endorsement becomes effective at the same time and date of that policy unless a different time and date are listed below.

In consideration of the premium charged for the motor vehicle liability insurance policy listed above, it is agreed that the following coverages--Liability, Uninsured Motorists, and Physical Damage--under this policy shall not apply whenever the motor vehicle described in the policy, or any other auto to which the terms of the policy are extended, is driven operated, with or without the permission of the Named Insured, by the Named Person excluded below.

Victor Caballero
_____
Type or Print Name of Person Excluded

In accepting this Named Driver Exclusion Endorsement, you acknowledge that:

a) There would be no residual liability insurance in effect, and the owner and the operator of the vehicle could be held personally liable for any damages in the event of an accident.
b) The vehicle would be considered uninsured under the no-fault law, and the owner and operator of the vehicle could be guilty of a misdemeanor and subject to the penalties of the no-fault law.
c) If the owner or registrant of the vehicle is injured in an accident while the vehicle is driven by a named excluded driver, the owner or registrant would not be eligible for any no-fault benefits if injured while the vehicle is being operated by the named excluded driver.

I/We assent to the terms of this endorsement:

Maria Caballero
_____
Print Name of Named Insured

X *Maria S Caballero*
_____
Signature of Named Insured

Date Signed: ___9/14/12___

_____
Print Name of Named Insured

Date Signed: _____

_____
Signature of Named Insured

(Signatures are required from all named insureds listed on the policy.)

This endorsement forms a part of the policy to which it is attached. The space below does not need to be completed unless this endorsement is issued subsequent to the current policy period. This endorsement will remain in effect for the term of the policy and for each renewal, reinstatement, substitute, modified, replacement, or amended policy unless discontinued by us.

___9-17-12___
Effective Date

The Endorsement thus clearly identifies "Victor Caballero" as a "Person Excluded." In addition, the declarations page of the Policy[7] contains the full language of the warning required by MCL 500.3009(2), and further states that "A NAMED EXCLUDED DRIVER IS NOT ENTITLED TO BE PAID PERSONAL PROTECTION BENEFITS FOR ACCIDENTAL BODILY INJURY" if the named excluded driver was driving that car at the time of the accident. And the Certificate of No-Fault Insurance issued to Maria again reiterates that Victor is an excluded driver and that he would not be entitled to PIP benefits if he was driving the vehicle at

---

[7] The declarations page is part of the Policy. See e.g., *Dancey v Travelers Prop Cas Co,* 288 Mich App 1, 8; 792 NW2d 372 (2010) ("The policy application, declarations page of [the] policy, and the policy itself construed together constitute the contract. . . . An insurance contract should be read as a whole, with meaning given to all terms.") (citation omitted).

the time of an accident, and also contains the warning language of MCL 500.3009(2).[8] In sum, the Policy, read as a whole, and related documents clearly and unambiguously name Victor as an excluded operator and comply with MCL 500.3009(2).[9]

Plaintiff nonetheless contends that Victor was entitled to PIP benefits. Plaintiff's argument is premised on the fact that the Endorsement did not specifically list PIP benefits as among the benefits that would not apply when an otherwise covered motor vehicle was operated by an excluded operator; rather, it only identified "Liability, Uninsured Motorists, and Physical Damage" as benefits that would not apply when the vehicle was operated by an excluded operator. In other words, plaintiff's position at bottom is that State Auto is liable for PIP benefits because it failed to exclude them in the Endorsement. But this position runs afoul of the fact that PIP benefits are not contract-based, but are instead statutorily mandated.

Because PIP benefits are not a creature of contract but instead are statutorily mandated, *Rednour*, 245 Mich App at 422, they are not subject to contractual exclusion. See e.g., *Citizens Ins Co of America v Federated Mut Ins Co*, 448 Mich 225, 229-231, 238; 531 NW2d 138 (1995). Therefore, a contractual exclusion of PIP benefits would have been unenforceable, as it would have resulted in a policy that provided more restrictive coverage than is mandated by the no-fault act, and thus would have been contrary to the mandates of the act. *Id.* at 238 (holding that "the policy [excluding mandated benefits] is invalid as violative of the no-fault act"). See also *Rohlman*, 442 Mich at 530 n 10, quoting 12A Couch, Insurance, 2d (rev ed), § 45.697, p 334 n 3 ("A compulsory insurance statute in effect declares a minimum standard which must be observed, and *a policy cannot be written with a more restrictive coverage. The statute is manifestly superior to and controls the policy, and its provisions supersede any conflicting provisions of the policy*.) (emphasis added); see also *Farmers Ins Exch v Kurzmann*, 257 Mich App 412, 418; 668 NW2d 199 (2003) (noting that "[a]n insurer is free to define or limit the scope of coverage as long as the policy language . . . is not in contravention of public policy" and that the exclusion of benefits mandated by the no-fault act renders such an exclusion void).

---

[8] As noted, and like the statutes in question, the documents use various terminology seemingly interchangeably. The Endorsement is entitled Named Driver Exclusion Endorsement, refers to a "named excluded driver," and identifies Victor as the "Person Excluded" and "Named Person." The declaration page and certificate of no-fault insurance alternatively refer to a "named excluded person [who] "operates a vehicle" and to a "named excluded driver," and identify Victor as "excluded" under the "driver exclusion endorsement" or if driving the insured vehicle. Plaintiff appears to concede that the various language is designed to name Victor as an "excluded operator" under MCL 500.3113(d) and MCL 500.3009(2). Plaintiff's argument instead is that, by its terms, the Endorsement did not apply to PIP benefits.

[9] Consistent with MCL 500.3009(2), the declarations page of the Policy and the Certificate of No-Fault Insurance clearly state that "[o]wners of the vehicle and others legally responsible for the acts of the named excluded person remain fully personally liable." As those recitations reflect, plaintiff is therefore not without recourse.

Indeed, and directly contrary to plaintiff's position that a contractual exclusion of PIP benefits was *required* (in order for State Auto to avoid liability for PIP benefits), a contractual exclusion of PIP benefits would instead have been *improper*, as it would have been in derogation of the mandates of the no-fault act. Simply put, PIP benefits are statutory and thus not subject to a contractual exclusion. As relates to PIP benefits, therefore, the import of the Endorsement was not in the listing of inapplicable coverages (relating to the operation of a vehicle by an excluded operator), but rather in the identification of Victor as an excluded operator. Accordingly, the exclusionary effect of MCL 500.3009(2) was not dependent on the inclusion within the Endorsement of language specifically excluding PIP benefits, and the fact that the Endorsement did not include language specifically excluding PIP benefits is immaterial, because as a matter of *statutory* law, see MCL 500.3113(d); MCL 500.3009(2), Victor was not entitled to PIP benefits.[10]

As we have previously observed, a validly-excluded-driver's "act of driving the insured vehicle at the time of the accident render[s] the vehicle uninsured;" no further reference to the Policy is required because at the time of the accident "there was no personal liability or property damage 'security' required by MCL 500.3101 in effect." *Bronson Methodist Hosp v Mich Assigned Claims Facility*, 298 Mich App 192, 198; 826 NW2d 197 (2012); see also *Frankenmuth Ins Co v Poll*, 311 Mich App 442, 447; 875 NW2d 250 (2015) (noting that when a validly-excluded-driver drove the vehicle in question, "the insurance policy was void, and therefore the security required by MCL 500.3101 was not in effect at the time of the accident (i.e., no one was insured)," and the defendant insurer was not "the insurer of the vehicle involved in the accident" at the time the accident occurred) (quotation marks and citations omitted).

For all of these reasons, we conclude that Victor was properly named as an excluded operator and that he was therefore statutorily barred from receiving PIP benefits. Accordingly, the trial court properly granted State Auto's motion for summary disposition because, when viewed in the light most favorable to plaintiff, no genuine issue of material fact existed regarding Victor's entitlement to PIP benefits. See *Miotke*, 300 Mich App at 139-140; MCR 2.116(C)(10).

Affirmed.

/s/ Mark T. Boonstra
/s/ Jane E. Markey
/s/ Stephen L. Borrello

---

[10] In part because the Endorsement could not properly have excluded PIP benefits, we also reject plaintiff's contention that the Policy was ambiguous as between the declarations page (which clearly stated that Victor was not entitled to PIP benefits) and the Endorsement (which, as noted, did not specifically refer to PIP benefits).