*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RAKESH RAMAKRISHNAN, M.D., PC,

        Plaintiff-Appellee,

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant/Third-Party Plaintiff-
        Appellant,

and

VERONICA MIAZGA,

        Third-Party Defendant.

UNPUBLISHED
June 27, 2024

No. 364927
Wayne Circuit Court
LC No. 22-003354-NF

Before: MARKEY, P.J., and SWARTZLE and MARIANI, JJ.

PER CURIAM.

Plaintiff sued defendant for the recovery of personal protection insurance (PIP) benefits for medical services plaintiff provided to a patient insured by defendant. On appeal, defendant challenges the trial court's denial of defendant's motion for summary disposition. We reverse and remand.

Defendant's insured was injured in a motor-vehicle accident in August 2018. The insured sought treatment with various providers, including plaintiff, after the accident. The insured subsequently sued defendant seeking payment of all PIP benefits. The insured and defendant entered into a binding arbitration agreement. On March 10, 2022, an arbitration award was determined, and defendant paid the award in June 2022. The trial court then dismissed the underlying lawsuit with prejudice.

Twelve days later, however, plaintiff sued defendant for the payment of services to the insured. Defendant argued in response that its liability was discharged with payment of the

arbitration award and that plaintiff's claim was barred by res judicata. Defendant subsequently moved for summary disposition on the same grounds.

The trial court denied defendant's motion. The trial court found that defendant had notice of plaintiff's claim when it paid the insured's claim, and, therefore, defendant's payment to the insured did not discharge it from its liability to plaintiff.

Defendant moved for reconsideration, arguing that plaintiff did not have an assignment of right and that defendant did not have notice of plaintiff's lawsuit until after defendant's arbitration with the insured concluded. Defendant later filed a supplemental brief, asserting that plaintiff had been issued settlement proceeds in the amount of $12,500 from its insured. Further, defendant argued that plaintiff had knowledge of the underlying lawsuit before the insured completed arbitration with defendant, but plaintiff had failed to intervene in that prior lawsuit. The trial court denied defendant's motion.

Defendant now appeals.

Defendant contends that plaintiff's suit is barred by MCL 500.3112 and res judicata. "The purpose of Michigan's no-fault insurance system is to provide victims of automobile-related accidents with assured, adequate, and prompt payment for economic losses." *Cruz v State Farm Mut Auto Ins Co*, 241 Mich App 159, 164; 614 NW2d 689 (2000). "The no-fault act mandates that insurers 'pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle.'" *Id*. (quoting MCL 500.3105(1)).

MCL 500.3112 provides that a no-fault insurer may "discharge its liability to an injured person by paying a healthcare provider directly, on the injured person's behalf." *Covenant Med Ctr, Inc v State Farm Mut Auto Ins*, 500 Mich 191, 196; 895 NW2d 490 (2017). Until June 10, 2019, MCL 500.3112 provided, in relevant part:

> Personal protection insurance benefits are payable to or for the benefit of an injured person or, in case of his death, to or for the benefit of his dependents. Payment by an insurer in good faith of personal protection insurance benefits, to or for the benefit of a person who it believes is entitled to the benefits, discharges the insurer's liability to the extent of the payments unless the insurer has been notified in writing of the claim of some other person. If there is doubt about the proper person to receive the benefits or the proper apportionment among the persons entitled thereto, the insurer, the claimant or any other interested person may apply to the circuit court for an appropriate order.

Under this version of the statute, healthcare providers did *not* possess a statutory right to sue no-fault insurers directly for the recovery of no-fault benefits. *Covenant*, 500 Mich at 196, 206; *Centria Home Rehab, LLC v Allstate Ins Co*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 363699); slip op at 2-3. An insured person still had the "ability to assign his or her right to past or presently due benefits to a healthcare provider." *Covenant*, 500 Mich at 217 n 40.

Effective June 11, 2019, our Legislature enacted comprehensive reforms to the no-fault act, including "amendments that provide healthcare providers with a direct cause of action against insurers for the collection of PIP benefits." *True Care Physical Therapy, PLLC v Auto Club Group*

*Ins Co*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 362094), slip op at 5. As amended, MCL 500.3112 now provides that a healthcare provider "may make a claim and assert a direct cause of action against an insurer, or under the assigned claims plan under sections 3171 to 3175, to recover overdue benefits payable for charges for products, services, or accommodations provided to an injured person." See also *True Care Physical Therapy, PLLC*, ___ Mich App at ___ ; slip op at 8; *Centria Home Rehab, LLC*, ___ Mich App at ___ ; slip op at 3.

Our Supreme Court has held that the insurance policy and the version of the no-fault statute that existed when an insured was injured controls the insured's entitlement to PIP benefits, rather than a later amended provision. See *Andary v USAA Cas Ins Co*, 512 Mich 207, 257; 1 NW3d 186 (2023). Specifically emphasizing MCL 500.3112, this Court has held that the statute did not include any explicit language directing retroactive effect and that the earlier version of the statute did not include an independent right of action for healthcare providers. *Centria*, ___ Mich App at ___; slip op at 2-3. In *Centria*, this Court determined that, when the claim arose in 2018, the amended statutory language of MCL 500.3112 was not applicable, and a healthcare provider did not have an independent right of action to recover from the insurer without an assignment of right. *Centria*, ___ Mich App at ___; slip op at 3.

This case is factually similar to that in *Covenant*, in which our Supreme Court, considering the previous version of MCL 500.3112, held that a healthcare provider did not have a statutory right to sue a no-fault insurer. *Covenant Med Center, Inc*, 500 Mich at 214, 217. The insured here was involved in a motor vehicle accident in August 2018, before the amended statute was enacted. Plaintiff did not obtain an assignment of right from the insured. Plaintiff's suit is, therefore, barred because the version of MCL 500.3112 that was in effect at the time of the motor-vehicle accident did not permit a healthcare provider to sue a no-fault insurer directly. See *id*. at 196, 217.

Accordingly, the trial court erred by denying defendant's motion for summary disposition when plaintiff did not have the right to sue defendant under the former version of MCL 500.3112. Because plaintiff's claim was barred by statute, this Court need not address the issue of res judicata.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Jane E. Markey
/s/ Brock A. Swartzle
/s/ Philip P. Mariani